**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DEMARGIO GREER,

      Petitioner,

v.                                        Case No. 3:20-CV-12581

ROBERT VASHAW,

      Respondent,

_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE**

Petitioner Demargio Greer, incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, Petitioner challenges his conviction in the Wayne County Circuit Court for third-degree criminal sexual conduct,[1] assault with intent to do great bodily harm,[2] witness intimidation,[3] and being a third habitual offender.[4]  Respondent filed an answer.  As part of the answer, Respondent notes that the petition contains several claims that were not fully exhausted with the state courts. In *lieu* of dismissing the petition without prejudice, the court will hold the petition in abeyance and stay the proceedings under the terms outlined in this opinion to permit Petitioner to exhaust these claims.

---

[1] Mich. Comp. Laws § 750.520d.
[2] Mich. Comp. Laws § 750.84.
[3] Mich. Comp. Laws § 750.122(7)(b).
[4] Mich. Comp. Laws § 769.11.

## I. BACKGROUND

Following Petitioner's Wayne County Circuit Court conviction, Petitioner's conviction was affirmed on appeal. *People v. Greer*, No. 340335, 2019 WL 1411078 (Mich. Ct. App. Mar. 28, 2019), *leave to appeal denied at* 933 N.W.2d 274 (Mich. 2019).

On September 14, 2020, Petitioner filed his application for writ of habeas corpus.[5] Petitioner seeks a writ of habeas corpus on the following grounds:

> I. The trial court erred when denying an evidentiary hearing when such a hearing should be held on the issues of ineffective assistance of counsel and newly discovered evidence.
>
> II. Greer was denied a fair trial by the court's decision over objection to grant joinder when the allegations in the second case (witness intimidation) would sway the jury to convict on the allegations made in the initial case.
>
> III. Greer was denied a fair trial and the right to present a defense when the trial court denied admission of a motive for [a witness] to fabricate a story.
>
> IV. Greer is entitled to resentencing because the statutory sentencing guidelines were misscored as to offense variable 10, which affected the statutory sentencing guideline range.
>
> V. Greer is entitled to relief from judgment, where he has clearly demonstrated good cause, actual prejudice, a miscarriage of justice, and actual innocence on the basis of ineffective assistance of appellate counsel and procedural misconduct.

## II. DISCUSSION

Respondent argues that the petition is subject to dismissal because Petitioner has yet to exhaust a portion of his first claim and none of the issues contained in his fifth claim with the state courts.

---

[5] Under the prison mailbox rule, the court assumes that Petitioner filed his habeas petition on September 14, 2020, the date that it was signed and dated. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a district court. *Id.* Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

Respondent initially argues that Petitioner failed to exhaust a portion of his ineffective assistance of counsel claim alleging that his trial counsel labored under a conflict of interest.

On Petitioner's appeal of right, Petitioner's appellate counsel made fleeting references to trial counsel having a conflict of interest in his motion for an evidentiary hearing (ECF No. 6-15, PageID. 1130-31) and in his appellate brief. (ECF No. 6-15, PageID. 1219-24). Appellate counsel's references to a conflict of interest, however, were sporadic and conclusory and offered no factual allegations to support the conflict of interest claim.

A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim in the state courts. *McMeans v. Brigano*, 228 F. 3d 674, 681 (6th Cir. 2000).  The doctrine of exhaustion mandates that the same claim under the same theory be presented to the state courts before it can be raised in a federal habeas petition. *Wong v. Money*, 142 F. 3d 313, 322 (6th Cir. 1998).  "Even the same claim, if raised on different grounds, is not exhausted for the purpose of federal habeas review." *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012).

Petitioner's conflict of interest claim is unexhausted because, although he stated the legal basis of his claim, he failed to state, with any specificity, the factual basis of the claim.  Accordingly, the conflict of interest claim was not fairly presented to the state courts. *See Wagner v. Smith*, 581 F.3d at 416.  This portion of Petitioner's first claim is unexhausted.

None of the claims contained in Petitioner's fifth claim were exhausted with the state courts.  The actual innocence, prosecutorial misconduct, and ineffective assistance of appellate counsel claims were never presented on Petitioner's appeal of right.

To the extent that Petitioner challenges the sufficiency of evidence in his fifth claim, Petitioner admits that he raised that claim for the first time in his application for leave to appeal to the Michigan Supreme Court. (ECF No. 1, PageID. 3).  Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Petitioner failed to raise his sufficiency of evidence claim on his direct appeal with the Michigan Court of Appeals, thus, his subsequent presentation of this claim to the Michigan Supreme Court does not satisfy

the exhaustion requirement for habeas purposes. *See Skinner v. McLemore,* 425 F. App'x. 491, 494 (6th Cir. 2011); *Farley v. Lafler,* 193 F. App'x. 543, 549 (6th Cir. 2006).

Although a federal court has the discretion to deny an unexhausted claim on the merits, as respondent urges, this court declines to do so because respondent failed to show that the claims are plainly meritless. *See e.g. Wagner v. Smith,* 581 F. 3d 410, 419-20 (6th Cir. 2009); *See also Hickey v. Hoffner,* 701 F. App'x. 422, 426 (6th Cir. 2017).

To avoid problems with the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1), a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber,* 544 U.S. 269, 278 (2005). The court holds the petition in abeyance. Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order. *See e.g. Wagner v. Smith,* 581 F. 3d at 419. Further, he must ask this court to lift the stay within sixty days of exhausting his state court remedies. Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014). [6]

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. *See Wagner v. Smith*, 581 F. 3d 410, 419 (6th Cir. 2009). Denial

---

[6] The court has the discretion to stay the petition and hold it in abeyance even though Petitioner did not specifically request the court to do so. *See e.g. Banks v. Jackson,* 149 F. App'x. 414, 422, n. 7 (6th Cir. 2005).

of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).  Petitioner, in fact, would be required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III.  CONCLUSION

IT IS ORDERED that Petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this court's order.**  If Petitioner fails to file a motion for relief from judgment with the state courts by that date**,** the court will dismiss his petition without prejudice.

If Petitioner files a motion for relief from judgment, he shall notify the court that such motion papers have been filed in state court.  The case will then be held in abeyance pending the Petitioner's exhaustion of the claims.  Petitioner shall file a motion to lift the stay using the same caption and case number within **sixty (60) days after the conclusion of the state court post-conviction proceedings**.  Petitioner is free at that time to file an amended habeas petition containing the arguments that he raised before the state courts with respect to these claims.

To avoid administrative difficulties, IT IS FURTHER ORDERED that the Clerk of Court is DIRECTED to administratively close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

6

IT IS FURTHER ORDERED that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the court may order the Clerk to reopen this case for statistical purposes.

     s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 19, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 19, 2022, by electronic and/or ordinary mail.

     S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\CHD\2254\20-12581.GREER.Abeyance.db.docx

7