**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DEMARGIO GREER,

Petitioner,

Civil No. 3:20-CV-12581
HONORABLE DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

v.

JOHN CHRISTIANSEN,

Respondent,
___________________________________/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Demargio Greer, ("Petitioner"), incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* original and amended habeas petitions, Petitioner challenges his conviction for third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d, assault with intent to do great bodily harm, Mich. Comp. Laws § 750.784, witness intimidation, Mich. Comp. Laws § 750.122(7)(b), and being a third habitual offender, Mich. Comp. Laws § 769.11. For the reasons that follow, the petition for writ of habeas corpus is DENIED.

## I. INTRODUCTION

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> These consolidated cases [1] arise out of defendant's physical and sexual assault of the victim, who at the time was defendant's girlfriend. Defendant and the victim lived together in an apartment in Detroit with their five children. On February 24, 2017, the victim went shopping with her sister, who recently received a tax refund and wanted to spend the money.
>
> Defendant and the victim got into an altercation when the victim arrived home later that night. Defendant was convinced that the victim was keeping the tax refund money from him and demanded that the victim give him the money. The victim attempted to explain that it was her sister who had received the tax refund, but defendant accused her of lying. Defendant beat the victim about her head, face, and torso with a heavy object that was later identified as a handheld air compressor, which weighed approximately 10 to 12 pounds. Defendant then sexually assaulted the victim.
>
> *People v. Greer*, No. 340335, 2019 WL 1411078, at *1 (Mich. Ct. App. Mar. 28, 2019) (internal footnote omitted); *lv. den.* 504 Mich. 973, 933 N.W.2d 274 (2019).

Petitioner filed a petition for writ of habeas corpus, which was held in abeyance by this Court's predecessor to permit Petitioner to return to the state courts

[1] Petitioner was originally charged in one case with criminal sexual conduct and assault charges and was subsequently charged with witness intimidation in a second case but the two cases were consolidated for one trial.

to exhaust a portion of his first claim and the entire fifth claim contained in his original habeas petition as well as any additional claims. *Greer v. Vashaw*, No. 3:20-CV-12581, 2022 WL 4343095 (E.D. Mich. Sept. 19, 2022).

Petitioner filed a post-conviction motion for relief from judgment with trial court, which was denied. *People v. Greer*, Nos. 17-003072-FH; 17-002357-FH (Third Jud. Cir. Ct., Feb. 29, 2024)(ECF No. 17-14). The Michigan Court of Appeals denied Petitioner leave to appeal. *People v. Greer,* No. 372228 (Mich.Ct. App. Jan. 13, 2025)(ECF No. 17-20, PageID. 3226). The Michigan Supreme Court rejected Petitioner's post-conviction application for leave to appeal on March 21, 2025, because the application was untimely in that it was filed beyond the fifty six day period required under M.C.R. 7.305(C) for doing so following the denial of his appeal by the Michigan Court of Appeals. *See* Letter from the Michigan Supreme Court. (ECF No. 13, PageID. 1778).

This Court subsequently granted Petitioner's motion to reopen the case and to amend the petition. (ECF No. 15).

In his original habeas petition, Petitioner seeks habeas relief on the following claims:

> I. The trial court erred when denying an evidentiary hearing when such a hearing should be held on the issues of ineffective assistance of counsel and newly discovered evidence.
>
> II. Greer was denied a fair trial by the court's decision over objection to grant joinder when the allegations in the second case (witness

intimidation) would sway the jury to convict on the allegations made in the initial case.

III. Greer was denied a fair trial and the right to present a defense when the trial court denied admission of a motive for [a witness] to fabricate a story.

IV. Greer is entitled to resentencing because the statutory sentencing guidelines were misscored as to offense variable 10, which affected the statutory sentencing guideline range.

V. Greer is entitled to relief from judgment, where he has clearly demonstrated good cause, actual prejudice, a miscarriage of justice, and actual innocence on the basis of ineffective assistance of appellate counsel and procedural misconduct.

In his amended habeas petition, Petitioner seeks habeas relief on the following claims:

I. Mr. Greer's trial counsel was ineffective for failing to investigate the portable compressor.

II. Counsel was ineffective for failing to object to the submission of prejudicial evidence of prior bad acts.

III. Defendant's conviction should be reversed because counsel failed to convey plea offer.

IV. Appellate counsel was ineffective for failure to investigate.

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). In order to obtain habeas relief in federal court, a state prisoner is required

to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.,* at 103.

## III. DISCUSSION

### A. Claim # 1 from the original petition. The ineffective assistance of counsel/newly discovered evidence/evidentiary hearing claim.

Petitioner in the first claim in his original petition alleges he was denied the effective assistance of trial counsel and that the state court erred in not ordering an evidentiary hearing on his ineffective assistance of counsel claims pursuant to *People v. Ginther*, 390 Mich. 436, 443; 212 N.W. 2d 922 (1973) and M.C.R. 7.211. As part of his first claim, Petitioner also claims he is entitled to habeas relief on his claim of newly discovered evidence of his innocence in a letter and affidavit from the victim recanting her trial testimony.

Violations of state law and procedure which do not infringe specific federal constitutional protections are not cognizable claims under Section 2254. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Whether the trial court or the Michigan Court of Appeals erred in its application of M.C.R. 7.211 in denying Petitioner's motion for an evidentiary hearing on his ineffective assistance of counsel claims is a question of state law that cannot be reviewed in a federal habeas petition. *See Hayes v. Prelesnik,* 193 F. App'x 577, 584 (6th Cir. 2006). Moreover, there is no clearly established Supreme Court law which recognizes a constitutional right to a state

court evidentiary hearing to develop a claim of ineffective assistance of counsel on appeal. *Id.* at 585. Accordingly, Petitioner would not be entitled to habeas relief on this portion of his claim.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, the defendant must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

Petitioner first argues that trial counsel was ineffective for failing to object to the admission of a recording of a telephone call, which had been made to the Detroit Police Department, by an individual claiming to be the victim and who asked to get the charges against Petitioner dropped. At trial, the victim identified the person who

made that telephone call as being Petitioner's sister. Petitioner argues that trial counsel should have objected to the admission of this telephone call as being irrelevant as to whether or not he was guilty of witness intimidation.

The Michigan Court of Appeals rejected Petitioner's claim, finding that evidence that Petitioner's sister had made this telephone call was relevant and admissible under Michigan law:

> There was no direct evidence that defendant and his sister conspired to fabricate the fraudulent telephone call to the police, as neither of them testified to that fact nor did any third-party overhear them making such arrangements. Nevertheless, under the facts of this case, where defendant had been arrested and charged with an offense and was facing trial, the jury properly was permitted to infer that defendant's sister would not and did not act on her own in asking the police to stop the prosecution through impersonation of the victim. A jury determination that defendant was behind the making of the telephone call would have constituted evidence of his consciousness of guilt, which itself is relevant to proving the charges. Furthermore, evidence that defendant sought to fraudulently have the charges dismissed, but failed to accomplish that objective, served to establish his motive to intimidate the victim into also seeking dismissal of the charges, refusing to testify, or to testify falsely, and thus properly served to bolster the charge of witness intimidation, which was based on other evidence detailed below. Thus, counsel was not ineffective for failing to object to that evidence, as it was properly admitted.

*People v. Greer*, 2019 WL 1411078, at *3 (internal citations omitted).

Federal habeas courts "'must defer to a state court's interpretation of its own rules of evidence and procedure' when assessing a habeas petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (quoting *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988)). The Michigan Court of Appeals determined that evidence that

Petitioner's sister had made a telephone call to the police in which she impersonated the victim for the purpose of getting the charges dropped was relevant and admissible under Michigan law; this Court must defer to that determination in resolving Petitioner's ineffective assistance of counsel claim. *See Brooks v. Anderson*, 292 F. App'x 431, 437-38 (6th Cir. 2008). The failure to object to relevant and admissible evidence is not ineffective assistance of counsel. *See Alder v. Burt,* 240 F. Supp. 2d 651, 673 (E.D. Mich. 2003). Because this Court "cannot logically grant the writ based on ineffective assistance of counsel without determining that the state court erred in its interpretation of its own law," this Court is constrained to reject Petitioner's first ineffective assistance of trial counsel claim. *See Davis v. Straub*, 430 F.3d 281, 291 (6th Cir. 2005).

Petitioner next argues that counsel was ineffective for failing to object to the introduction of medical records containing evidence that the victim had been physically abused by Petitioner in the past. Petitioner argued that the evidence should have been excluded because it was irrelevant and that he was unfairly prejudiced by the evidence.

The Michigan Court of Appeals rejected this claim, noting that under Mich. Comp. Laws § 768.27b(1), "[E]vidence of past abuse is relevant because it tends to show that defendant and the victim engaged in a pattern of violent behavior toward each other." *People v. Greer*, 2019 WL 1411078, at *4. Because evidence of

Petitioner's prior abuse was admissible under Michigan law, it would have been futile for counsel to object. *Id.*

The Michigan Court of Appeals' determination that Petitioner was not denied the effective assistance of trial counsel because of trial counsel's failure to object to the admission of this "bad acts" evidence was not contrary to, or an unreasonable application of, clearly established federal law, and thus did not warrant federal habeas relief, in light of the Michigan Court of Appeals' finding that this "bad acts" evidence was admissible under Michigan law. *See Pearl v. Cason,* 219 F. Supp. 2d 820, 828-29 (E.D. Mich. 2002). Counsel is not ineffective for failing to object to admissible evidence. *See United States v. Sanders*, 404 F.3d 980, 986 (6th Cir. 2005).

Petitioner next contends that trial counsel was ineffective for failing to introduce evidence of text messages sent between the victim and Petitioner's brother, because the text messages supported the defense that the victim fabricated the charges against him because she and Petitioner's brother were having an affair.

The Michigan Court of Appeals rejected Petitioner's claim by noting that counsel attempted to get these text messages admitted but the majority of the text messages were excluded by the judge pursuant to the rape-shield statute, Mich. Comp. Laws § 750.520j. Counsel did manage to get one text message admitted from the victim to Petitioner's brother, which stated in part, "I got him locked up because

I wanted to be with you." Because counsel was able to admit this text message, he was able to present evidence to support his claim that the victim fabricated the charges against him. *People v. Greer*, 2019 WL 1411078, at *4.

The trial court and the Michigan Court of Appeals both concluded that the majority of the text messages between the victim and Petitioner's brother concerning their sexual relationship were inadmissible under Michigan's rape-shield statute. This is an issue of state law that is binding on this Court in reviewing Petitioner's state court conviction. See *Dufresne v. Palmer*, 876 F.3d 248, 258 (6th Cir. 2017) (citing *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam); *Estelle v. McGuire*, 502 U.S. at 67–68). Because the majority of the text messages between the victim and her Petitioner's brother were deemed by the trial court and the Michigan Court of Appeals to be barred by Michigan's rape shield law, Petitioner failed to show that trial counsel was ineffective in failing to present this evidence. *Dufresne v. Palmer*, 876 F.3d at 258 (Appellate counsel's failure to argue that trial counsel should have interviewed and presented additional witnesses at trial for criminal sexual conduct was not deficient performance, and thus did not constitute ineffective assistance of counsel, where testimony by potential witness included on defense's witness list would have been inadmissible under Michigan's rape-shield statute).

In any event, counsel was successful in admitting the text message from the victim to Petitioner's brother, in which she stated that she had Petitioner locked up

because she wanted to be with his brother. Because counsel was able to present evidence in support of his theory that the victim had a motive to fabricate these charges, he was not ineffective. *See, e.g., Robinson v. Lafler*, 643 F. Supp. 2d 934, 939 (W.D. Mich. 2009).

Petitioner next contends that trial counsel was ineffective for failing to seek the admission of full recordings of telephone calls made while Petitioner was incarcerated in jail. Petitioner claims that only excerpts of the recorded telephone calls were admitted at trial and that these recordings gave a biased and inaccurate picture of the conversations that took place between himself and the victim.

The Michigan Court of Appeals rejected this claim, finding that this was valid trial strategy because "[D]efense counsel may have chosen not to offer the full recordings because they could have further incriminated defendant." *People v. Greer*, 2019 WL 1411078, at *4.

When defense counsel focuses on some issues to the exclusion of others, there is a strong presumption that he or she did so for tactical reasons, rather than through sheer neglect, and this presumption has particular force where an ineffective assistance of counsel claim is asserted by a federal habeas petitioner based solely on the trial record, where a reviewing court "may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive."

*See Yarborough v. Gentry,* 540 U.S. 1, 5-6 (2003) (quoting *Massaro v. United States*, 538 U.S. 500, 505 (2003)).

In the absence of evidence to the contrary, counsel may have made the tactical decision not to present the entire recordings of the telephone calls between Petitioner and his victim while he was incarcerated because he feared they could contain incriminating evidence. Counsel's decision to forego presenting the complete telephone recordings out of fear that it risked opening the door to additional incriminating testimony was a strategically defensible choice that defeats Petitioner's claim. *See Jackson v. Bradshaw*, 681 F.3d 753, 761 (6th Cir. 2012). Petitioner is also not entitled to relief on his ineffective assistance of counsel claim because he presented no evidence to either the Michigan courts or to this Court that these complete telephone recordings would have proven to be exculpatory. *See, e.g., Daniel v. Palmer*, 719 F. Supp. 2d 817, 829 (E.D. Mich. 2010), *rev'd sub nom. on other grds Daniel v. Curtin*, 499 F. App'x 400 (6th Cir. 2012).

Petitioner next argues that trial counsel was ineffective for failing to object when the trial court denied the jury's request for a transcript of the victim's testimony. The jury requested a transcript of the victim's testimony during jury deliberations, to which the judge responded, "It would take several days to prepare transcripts. Try to use your collective memories and notes to remember her testimony." *People v. Greer,* 2019 WL 1411078, * 4.

Petitioner's ineffective assistance of counsel claim fails, because trial counsel, as a matter of strategy, may have preferred that the jury not re-hear or review again the victim's damaging testimony. *See Bradley v. Birkett,* 192 F. App'x 468, 477 (6th Cir. 2006). Moreover, in light of the fact that the trial court judge indicated that she chose not to prepare a transcript of the victim's testimony, Petitioner is unable to show that there would have been a different outcome in the trial had counsel objected to the judge's ruling concerning the re-reading of the victim's testimony or the preparation of a transcript of her testimony for the jury to review. *Id.*

Petitioner finally as part of his ineffective assistance of trial counsel claim alleges that trial counsel was laboring under a conflict of interest. This Court's predecessor had concluded that this portion of Petitioner's first claim was unexhausted because "although he stated the legal basis of his claim, he failed to state, with any specificity, the factual basis of the claim." *Greer v. Vashaw*, 2022 WL 4343095, at *2. Petitioner's case was held in abeyance so that he could return to the state courts to exhaust this claim in a post-conviction motion. *Id.*

Petitioner is not entitled to habeas relief on this ineffective assistance of trial counsel claim. It does not look like Petitioner raised a conflict of interest claim on post-conviction review and in any event, as will be discussed in Section E of this opinion, *infra,* Petitioner never properly exhausted his claims on post-conviction review because his application for leave to appeal was rejected as untimely by the

Michigan Supreme Court. Nonetheless, even if this claim was exhausted, Petitioner is not entitled to habeas relief because he has offered no factual allegations to support that his counsel labored under a conflict of interest nor has he made any legal argument in support of such a claim. A federal court on habeas review will not find an actual conflict of interest unless a habeas petitioner can point to specific instances in the record to suggest an actual conflict or impairment of his interests. *See Reedus v. Stegall,* 197 F. Supp. 2d 767, 783 (E.D. Mich. 2001) (citing *Dixson v. Quarles*, 627 F.Supp. 50, 53 (E.D. Mich. 1985)). Conclusory allegations of a conflict of interest which adversely affected a habeas petitioner's legal representation do not warrant federal habeas relief. *Id.* Petitioner's conflict of interest claim is conclusory and unsupported. Petitioner is not entitled to habeas relief on his ineffective assistance of trial counsel claims.

Petitioner in his first claim also argues that he is entitled to habeas relief because the trial judge refused to grant him a new trial based on newly discovered evidence from the victim in which she recants her testimony and alleges she was coerced into testifying with a threat by Child Protective Services to take her children away if she did not press charges against Petitioner. (ECF No. 6-15, PageID. 1148-51).

To the extent that Petitioner seeks habeas relief based on his actual innocence, he would not be entitled to the issuance of a writ. In *Herrera v. Collins*,

506 U.S. 390, 400 (1993), the Supreme Court held that claims of actual innocence based on newly discovered evidence fail to state a claim for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the constitution, not to correct errors of fact. *Id., See also McQuiggin v. Perkins,* 569 U.S. 383, 392 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence"). Freestanding claims of actual innocence are thus not cognizable on federal habeas review, absent independent allegations of constitutional error at trial. *See Cress v. Palmer,* 484 F.3d 844, 854-55 (6th Cir. 2007) (collecting cases).

Petitioner is not entitled to habeas relief on his claim that the judge refused to grant him a new trial based on the allegedly newly discovered evidence that the victim recanted her trial testimony.

A claim that a habeas petitioner is entitled to relief based upon the failure of a state trial judge to grant him or her a trial on the basis of newly discovered evidence is not cognizable in a habeas proceeding. *See Hence v. Smith*, 37 F. Supp.2d 970, 980 (E.D. Mich. 1999). Even on direct appeal, motions for a new trial based upon newly discovered evidence are "are disfavored and should be granted with caution." *United States v. Turns*, 198 F.3d 584, 586 (6th Cir. 2000).

A long-delayed affidavit like the victim's which seeks to exonerate a criminal defendant is "treated with a fair degree of skepticism." *Herrera v. Collins,* 506 U.S. at 423. Recanting affidavits and witnesses are viewed with "extreme suspicion." *United States v. Chambers*, 944 F.2d 1253, 1264 (6th Cir. 1991); *superseded in part on other grounds by* U.S.S.G. § 2D1.5(a); *See also Byrd v. Collins,* 209 F.3d 486, 508, n. 16 (6th Cir. 2000). Recanting affidavits from the victims of spousal or domestic abuse like the victim in this case in particular are particularly suspect. *See United States v. Carthen*, 681 F.3d 94, 102 (2d Cir. 2012); *O'Laughlin v. O'Brien*, 577 F.3d 1, 4 (1st Cir. 2009) (noting that victims of domestic violence often recant or refuse to cooperate).

Moreover, in this case, the Michigan Court of Appeals noted that the trial judge rejected the victim's recantation, finding it to be lacking in credibility:

> The trial court accepted that the letter and the affidavit constituted recantation testimony because they purported to show that defendant and the victim had consensual sex and that the victim attempted to drop the charges against defendant. The trial court observed that defendant, who had already been convicted of witness intimidation, MCL 750.122(7)(b), again appeared to be attempting to convince the victim to recant her trial testimony. The trial court focused specifically on a portion of the victim's letter, in which the victim asked defendant, "What do you mean you know how we can fix this?" The trial court stated that it seemed to indicate that defendant was telling the victim, "Change your story, recant so you can get me out of these charges." "[W]here newly discovered evidence takes the form of recantation testimony, it is traditionally regarded as suspect and untrustworthy." *People v. Canter*, 197 Mich. App. 550, 559; 496 N.W.2d 336 (1992). Contrary to defendant's contention, the trial court already determined that the affidavit and letter contained recantation testimony but that the

> testimony was not credible. In general, this Court must defer to the trial court's credibility determinations. *Id.* at 560.

*People v. Greer*, 2019 WL 1411078, at * 6.

In considering federal habeas petitions, a federal district court must presume the correctness of state court factual determinations, and a habeas petitioner may rebut this presumption only with clear and convincing evidence. *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001); 28 U.S.C. § 2254(e)(1). A state court's factual determination that a prosecution witness' recantation and supporting affidavit is not credible is entitled to the presumption of correctness in a federal habeas proceeding. See *Richardson v. Lord,* 7 F. App'x 1, 2 (2nd Cir. 2001); *See also Poe v. Rapelje,* 5:12–CV–11390; 2014 WL 4715460, * 2 (E.D. Mich. Sept. 22, 2014). Petitioner has offered no evidence to rebut the trial court's credibility determination. Petitioner is not entitled to habeas relief on his first claim.

**B. Claim # 2 from the original petition. The misjoinder claim.**

Petitioner next contends that the trial court erred in consolidating his criminal sexual conduct and assault case with his witness intimidation case, arguing that these two cases were unrelated and thus improperly joined.

The Michigan Court of Appeals rejected this claim:

> The trial court correctly determined that the charges were eligible for joinder because they arose out of "a series of connected acts" as contemplated in MCR 6.120(B)(1)(b). Defendant committed a crime and then attempted to cover up that crime by pressuring the victim to drop the charges or to refuse to testify. The act of witness intimidation

is a direct result of the other crimes committed against the victim, for which defendant was charged, and thus, the charges in both cases were directly related.

*People v. Greer*, 2019 WL 1411078, at *8.

The Michigan Court of Appeals further concluded that Petitioner was not prejudiced by the joinder of the charges because the judge instructed the jurors that each of the charges were distinct offenses and the jurors were instructed that Petitioner could be found "guilty or not guilty of all, or guilty or not guilty of any one or any combination of the[ ] crimes." *Id.*

Improper joinder does not, by itself, violate the federal constitution. *United States v. Lane,* 474 U.S. 438, 446, n. 8 (1986). The Supreme Court in *Lane* suggested in passing that misjoinder could rise "to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial." *Id.* The Sixth Circuit noted that this language in *Lane* concerning a court's failure to sever criminal charges is simply dicta and thus not clearly established federal law. *See Mayfield v. Morrow,* 528 F. App'x 538, 541-42 (6th Cir. 2013). Because "'clearly established Federal law' for purposes of § 2254(d)(1) refers to 'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions[.],'" *Id*. (quoting *Williams v. Taylor*, 529 U.S. at 412), the Sixth Circuit concluded that the habeas petitioner could not rely on *Lane* to obtain habeas relief on his claim that he had been deprived of his right to a fair trial when the judge

denied his motion to sever different rape charges. *Id.* The Ninth Circuit has likewise held that a habeas petitioner could not rely on the Supreme Court's dicta in *Lane* to obtain habeas relief on an improper misjoinder claim, particularly where that dicta was merely mentioned as a comment in a footnote of the opinion. See *Collins v. Runnels*, 603 F.3d 1127, 1132 (9th Cir. 2010). Another judge in this district, in rejecting a similar claim, indicated that he had "found no Supreme Court cases holding that a defendant in a criminal case has a constitutional right to a separate trial on each of the charges against him." *Rodriguez v. Jones*, 625 F. Supp. 2d 552, 560-61 (E.D. Mich. 2009).

Given the lack of holdings by the Supreme Court on the issue of whether a state court violates a habeas petitioner's due process rights by joining together unrelated criminal charges in a single trial, the Michigan Court of Appeals' rejection of Petitioner's improper joinder claim was not an unreasonable application of clearly established federal law. *See Wright v. Van Patten,* 552 U.S. 120, 126 (2008); *Carey v. Musladin,* 549 U.S. 70, 77 ( 2006); *See also Comaduran v. Clark,* 452 F. App'x 728, 728-29 (9th Cir. 2011) (California appellate court's rejection of robbery defendant's claim that trial court violated his right to due process by joining charges arising from three prior burglary-related incidents was not contrary to, nor an unreasonable application of, clearly established federal law, so as to entitle petitioner to habeas relief).

Moreover, such claims have typically been rejected by the Sixth Circuit even on direct review of federal criminal convictions. The Sixth Circuit held that to establish prejudice from joinder, a defendant must point to specific evidence that the joinder was prejudicial and "an unproven assertion is not compelling evidence of actual prejudice." *U.S. v. Saadey*, 393 F.3d 669, 679 (6th Cir. 2005). A jury is presumed capable of considering each criminal count separately and any prejudice arising from trial of joined offenses may be cured by limiting instructions. *U.S. v. Cope*, 312 F.3d 757, 781 (6th Cir. 2002). "Error based on misjoinder is almost always harmless where...the trial court issues a careful limiting instruction to the jury on the issue of possible prejudice resulting from the joinder." *U.S. v. Cody*, 498 F. 3d 582, 587 (6th Cir. 2007).

"[U]nder Michigan law, severance is required only when a defendant shows that it is necessary to avoid prejudice to his substantial rights." *Clark v. McLemore,* 291 F. Supp. 2d 535, 545 (E.D. Mich. 2003) (citing M.C.R. 6.121(C)). "[T]here is no absolute right to a separate trial, and joint trials are strongly favored 'in the interest of justice, judicial economy and administration.'" *Id.* (quoting *People v. Etheridge*, 196 Mich. App. 43, 52; 492 N.W. 2d 490 (1992)). Severance should only be granted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *People v. Hana*, 447 Mich. 325, 359-60; 524

N.W. 2d 682 (1994)). Finally, under M.C.R. 6.120(B), a court must sever offenses that are not related as defined in MCR 6.120(B). MCR 6.120(B) defines related offenses that are those "based on (1) the same conduct, or (2) a series of connected acts or acts constituting part of a single scheme or plan."

It was not fundamentally unfair to join the different charges against Petitioner in a single trial because "joinder was an efficient use of resources." *Rodriguez v. Jones*, 625 F. Supp. 2d at 561; *See also Conte v. Cardwell*, 475 F.2d 698, 700 (6th Cir. 1973) (participation by state habeas corpus petitioner in successive prison riots in the same institution separated in time by less than two months were sufficient circumstances to permit joinder of offenses in an indictment and in a trial without violation of due process.). Petitioner is not entitled to relief on his second claim.

C. **Claim # 3 from the original petition. The right to present a defense claim.**

Petitioner next contends that the trial judge deprived him of the right to present a defense by invoking Michigan's rape-shield statute to exclude any evidence of a sexual relationship between the victim and Petitioner's brother, which Petitioner claims would support his defense that the victim fabricated these charges so she could continue the relationship with Petitioner's brother.

The Michigan Court of Appeals rejected this claim. Although agreeing with Petitioner that the trial court "arguably abused its discretion by determining that the rape-shield statute precluded the introduction of evidence that the victim had a

sexual relationship with [Petitioner's] brother[.]", *People v. Greer*, 2019 WL 1411078, at * 9, the exclusion of evidence of this sexual relationship did not undermine the reliability of the verdict, because Petitioner was still permitted to introduce evidence of a romantic relationship between the two:

> During trial, defendant's brother testified that after defendant was arrested, the victim sent him a text message stating, "I got him locked up because I wanted to be with you. Dang, all he wanted to do is run the streets and find him a new Boo." Defendant's brother testified that the victim was referring to "locking up" defendant in prison. The text message, which was read into the record, suggested that the victim pressed charges against defendant because she wanted to have a romantic relationship with defendant's brother. The introduction of this evidence indicates that defendant was not deprived of a defense; he was able to argue that the victim fabricated the charges based on an ulterior motive without the introduction of evidence related to a sexual relationship with his brother. Thus, the exclusion of the evidence regarding the victim's sexual history did not deprive defendant of a defense or a fair trial.

*Id.*

Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he or she also has the right to present his or her own witnesses to establish a defense. This right is a fundamental element of the due process of law. *Washington v. Texas*, 388 U.S. 14, 19 (1967); *See also Crane v. Kentucky,* 476 U.S. 683, 690 (1986) ("whether rooted directly in the Due Process Clause of the Fourteenth Amendment, or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense'") (internal

citations omitted). However, an accused in a criminal case does not have an unfettered right to offer evidence that is incompetent, privileged, or otherwise inadmissible under the standard rules of evidence. *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996). The Supreme Court, in fact, has indicated its "traditional reluctance to impose constitutional constraints on ordinary evidentiary rulings by state trial courts." *Crane,* 476 U.S. at 689. The Supreme Court gives trial court judges "wide latitude" to exclude evidence that is repetitive, marginally relevant, or that poses a risk of harassment, prejudice, or confusion of the issues. *Id.* (quoting *Delaware v. Van Arsdall,* 475 U.S. 673, 679 (1986)).

Under the standard of review for habeas cases as enunciated in § 2254(d)(1), it is not enough for a habeas petitioner to show that the state trial court's decision to exclude potentially helpful evidence to the defense was erroneous or incorrect. Instead, a habeas petitioner must show that the state trial court's decision to exclude the evidence was "an objectively unreasonable application of clearly established Supreme Court precedent." *See Rockwell v. Yukins,* 341 F.3d 507, 511-12 (6th Cir. 2003).

The trial judge's decision to exclude evidence of a sexual relationship between the victim and Petitioner's brother did not deprive Petitioner of the right to present a defense because Petitioner was still able to present evidence that the two had a romantic relationship and that the victim wanted to get Petitioner locked up so she

could pursue her relationship with Petitioner's brother. *See, e.g., Batey v. Haas*, 573 F. App'x 590, 595-96 (6th Cir. 2014) (even if Michigan trial court's application of rape shield law in prosecution for criminal sexual abuse, to bar cross-examination about victim's abuse by his older brother, violated Confrontation Clause, any error was harmless and habeas relief was not warranted, since the impeachment evidence managed to get admitted anyway). The trial court's refusal to allow defense counsel to bring up evidence of a sexual relationship between the victim and Petitioner's brother was not so egregious that it effectively denied Petitioner a fair trial, because Petitioner was not completely barred from presenting evidence that suggested that the victim fabricated these charges against Petitioner. *See Fleming v. Metrish*, 556 F.3d 520, 535-36 (6th Cir. 2009). With the quantum of evidence on the defense theory in the record, this Court concludes that the Petitioner was afforded "a meaningful opportunity to present a complete defense." *Allen v. Howes,* 599 F. Supp. 2d 857, 873 (E.D. Mich. 2009) (citing *Crane*, 476 U.S. at 690 (citation and internal quotations omitted)). Petitioner is not entitled to relief on his third claim.

**D. Claim # 4. The sentencing guidelines claim.**

Petitioner next contends that the judge misscored Offense Variable (OV) 10 of the Michigan Sentencing Guidelines.

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a

cognizable claim for federal habeas review, because it is basically a state law claim. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007)*; Howard v. White,* 76 F. App'x 52, 53 (6th Cir. 2003). Errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016). Petitioner's claim that the state trial court improperly departed above the correct sentencing guidelines range would thus not entitle him to habeas relief, because such a departure does not violate any of Petitioner's federal due process rights. *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000).

**E. Claim # 5 from the original petition and the claims from the amended habeas petition are unexhausted and procedurally defaulted.**

Petitioner in the fifth claim in his original petition alleged actual innocence/legal insufficiency, prosecutorial misconduct, and the ineffective assistance of appellate counsel. This Court's predecessor concluded that these claims were unexhausted because they were never presented on Petitioner's appeal of right. *Greer v. Vashaw*, 2022 WL 4343095, at *2. Petitioner's case was held in abeyance so that he could return to the state courts to exhaust these claims in a state post-conviction motion. *Id.*

Petitioner did raise an ineffective assistance of appellate counsel claim in his post-conviction motion but did not raise any actual innocence/legal insufficiency or prosecutorial misconduct claims. (ECF No. 17-12, PageID. 2535-55). To compound this problem, Respondent argues in the supplemental answer that the claims raised

by Petitioner in his amended habeas petition are procedurally defaulted because Petitioner did not completely exhaust these claims on state post-conviction review because his post-conviction application for leave to appeal was rejected as untimely by the Michigan Supreme Court but Petitioner no longer has an available state court remedy to properly and fully exhaust these claims. To the extent that Petitioner attempted to exhaust any or all of the issues raised in the fifth claim in his original petition on post-conviction review, these issues suffer the same problem as all of the claims raised by Petitioner in his amended habeas petition.

Petitioner presented the claims in his amended petition and the ineffective assistance of appellate counsel claim from the fifth claim from his original petition in his post-conviction motion for relief from judgment before the trial court and again before the Michigan Court of Appeals. Petitioner's application for leave to appeal to the Michigan Supreme Court was rejected, however, for being untimely in that it was filed more than 56 days after the Michigan Court of Appeals had denied his application for leave to appeal the denial of the post-conviction motion.

A state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal.

*See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, was required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he raised in his post-conviction motion. *See, e.g., Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). Where a habeas petitioner has an opportunity under state law to file an appeal following the state trial court's denial of his or her state post-conviction motion, but failed to do so, the petitioner has failed to exhaust all available state court remedies. *See Cox v. Cardwell,* 464 F.2d 639, 644-45 (6th Cir. 1972).

Pursuant to M.C.R. 7.305(C)(2), Petitioner had fifty six days to file a delayed application for leave to appeal with the Michigan Supreme Court after the Michigan Court of Appeals denied his post-conviction appeal. Petitioner's application for leave to appeal to the Michigan Supreme Court was rejected because it was filed beyond that time limit. Because Petitioner failed to raise the ineffective assistance of appellate counsel claim from his original petition or any of the claims in his amended petition before the Michigan Supreme Court in a timely manner, the claims are unexhausted. *See, e.g., Rupert v. Berghuis,* 619 F. Supp. 2d 363, 367 (W.D. Mich. 2008) (habeas petitioner failed to exhaust his state remedies as result of his failure to file timely appeal to Michigan Supreme Court).

Unfortunately, Petitioner no longer has any available state court remedies with which to exhaust the claims raised in his amended petition and in the fifth claim in his original petition. Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan is only permitted to file one post-conviction motion for relief from judgment. *See Gadomski v. Renico,* 258 F. App'x 781, 783 (6th Cir. 2007). Petitioner has no remaining state court remedies with which to exhaust (or fully exhaust) these remaining claims. If a prisoner fails to present his or her claims to the state courts and he or she is now barred from pursuing relief there, the petition should not be dismissed for lack of exhaustion because there are simply no remedies available for the petitioner to exhaust. However, the prisoner will not be allowed to present claims never before presented in the state courts unless he or she can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his or her defense at trial or on appeal. *Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir. 1995). A claim of actual innocence will excuse this "cause and prejudice" requirement. *Id.* at 1196, n. 3.

Petitioner has failed to establish cause to excuse his default. While ineffective assistance of appellate counsel might excuse Petitioner's failure to raise his claims on his direct appeal, it does not excuse Petitioner's own failure to properly exhaust these claims in a timely manner on post-conviction motion review. *See Gadomski v. Renico*, 258 F. App'x at 784.

Additionally, Petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider Petitioner's remaining claims as grounds for a writ of habeas corpus in spite of the procedural default. Although Petitioner presents a letter or affidavit from the victim recanting her trial testimony, as mentioned when discussing Petitioner's first claim, *supra*, recanting affidavits are viewed with extreme suspicion and the trial judge in this case specifically found that the victim's recantation was not credible. Because recantation testimony is regarded with "extreme suspicion," the victim's alleged recantation is not the type of reliable evidence that would establish Petitioner's actual innocence. *See, e.g., Carter v. Mitchell,* 443 F.3d 517, 539 (6th Cir. 2006). Because Petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review Petitioner's procedurally defaulted claims on the merits. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003).

## IV. CONCLUSION

The Court denies the petition for writ of habeas corpus.

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). [2]

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. This Court denies a certificate of appealability because reasonable jurists would not find this Court's assessment of the claims to be debatable or wrong. The Court, however, grants Petitioner leave to appeal *in forma pauperis* because any appeal would be taken in good faith. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

---

[2] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

## V. ORDER

Based upon the foregoing, **IT IS ORDERED** that the petition for a writ of habeas corpus **[ECF No. 13]** is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** That a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner is **GRANTED** leave to appeal *in forma pauperis*.

s/Denise Page Hood
Hon. Denise Page Hood
United States District Judge

Dated: September 30, 2026